**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COREY D. RICHMOND,<br>    Plaintiff<br><br>        v.<br><br>EQUITY PRIME MORTGAGE and<br>MIDLAND MORTGAGE,<br>        Defendants | No. 25 CV 13443<br><br>Judge Jeremy C. Daniel |

**ORDER**

The plaintiff's amended complaint [32] is stricken. The defendants' motions to dismiss [19], [22] are granted. Defendant Midland Mortgage's motion for order to dismiss case [31] is denied as moot. Any amended complaint is due on or before March 24, 2026. The defendants shall respond to the operative complaint on or before April 15, 2026.

**STATEMENT**

This matter is before the Court on Defendants Equity Prime Mortgage LLC's and MidFirst Bank's[1] motions to dismiss the complaint. (R. 19; R. 22.) Before resolving these motions, the Court addresses the amended complaint Plaintiff Corey Richmond[2] filed on February 11, 2026. (R. 32.) The plaintiff did not file this amended complaint within twenty-one days of the defendants filing their motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Further, he does not represent that he obtained the defendants' written consent, nor did he seek the Court's leave to file the amended complaint. (*See generally* R. 32); *accord* Fed. R. Civ. P. 15(a)(2). The Court therefore strikes the amended complaint and treats the initial complaint as the operative complaint.

Moving to the defendants' motions, the following facts are taken from the plaintiff's complaint and accepted as true for purposes of resolving the defendants' motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On October 7, 2022, the plaintiff executed

---

[1] According to Defendant MidFirst Bank, it is improperly named in the complaint as "Midland Mortgage," which is a division of MidFirst Bank. (R. 22 at 1.)

[2] Both the complaint and the Civil Cover Sheet list the plaintiffs as "Corey D. Richmond, Et al," but neither describes any additional plaintiffs. The complaint also lists the defendants as "Equity Prime Mortgage, Midland Mortgage, et al," but does not describe any additional defendants. (*See generally* R. 1; R. 2.)

a promissory note with the defendants. (R. 1 ¶ 11.)[3] The defendants monetized the note "by converting it into an asset" without disclosing this to the plaintiff. (*Id.* ¶¶ 12–13.) Using the plaintiff's promissory note, the defendants "created credit . . . and failed to credit [the p]laintiff's Account for the equivalent liability." (*Id.* ¶ 13.) The defendants thereafter attempted to collect payment on the note from the defendant, "misrepresent[ing] the balance as due and ow[]ing." (*Id.* ¶ 15.) The plaintiff now brings three claims: "engag[ing] in unlawful financial transactions" under 12 U.S.C. § 503 (Count I), "knowingly falsif[ying] banking records" under 18 U.S.C. § 1005 (Count II), and "unjust enrichment [and] fraudulent conversion" based on the theory that the defendants lack legal authority to issue residential loans (Count III). (*Id.* ¶¶ 19–28.)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint only needs to contain factual allegations that, when accepted as true, sufficiently "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court "must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The Court does not extend this presumption to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

For Counts I and II, both defendants argue that the pertinent statutes apply against only a bank's officers or directors, not the bank itself.[4] (R. 21 at 5; R. 22 at 4.) The Court agrees.[5] As relevant to Count I, under 12 U.S.C. § 503, "every director and officer [who committed a violation] shall be held liable in his personal and individual capacity." The complaint does not name any individuals as defendants, only banks. Count I is therefore dismissed. As for Count II, 18 U.S.C. § 1005 contains no separate

---

[3] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[4] The defendants make several additional arguments for dismissal, including: that the complaint alleges fraud but fails to do so with particularity under Fed. R. Civ. P. 9(b), that federal law permits the defendants to issue residential loans, that the complaint fails to allege the elements of unjust enrichment, and that the Court should consider the plaintiff's promissory note (which both defendants attach to their motions). The Court need not reach these issues because it resolves the motions on the grounds discussed above.

[5] The plaintiff did not file a brief responding to the defendants' motions. He instead filed, without any context, documents titled "Affidavit of Question[n]aire to the Judge" and "Affidavit of Question[n]aire to the Attorney," each of which contains a list of questions and the plaintiff's signature. (R. 28; R. 29.) The Court takes no action based on these filings because they have no apparent purpose and do not contest the arguments raised in the defendants' motions.

cause of action; a claimed violation of § 1005 must instead be brought via 12 U.S.C. § 503. *See White v. Keely*, 814 F.3d 883, 888 (7th Cir. 2016). This makes Count II essentially duplicative of Count I. Because Count I fails to state a claim, the same is true for Count II. This leaves only Count III, the claim for "unjust enrichment and fraudulent conversion." These are state law claims. *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2019). Because the plaintiff relies on the Court's federal question jurisdiction, (R. 1 ¶ 5), and there are no live federal claims, the Court declines to exercise its supplemental jurisdiction over the plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Date: March 3, 2026

JEREMY C. DANIEL
United States District Judge

3